United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 16-10170-mdc
James F. Colden                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore          Page 1 of 1          Date Rcvd: Feb 15, 2018
                              Form ID: pdf900          Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 17, 2018.
db             +James F. Colden,    6 Country Run,    Thornton, PA 19373-1117
cr             +PRA Receivables Management, LLC,    PO Box 14067,    Norfolk, VA 23518-0067

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Feb 16 2018 01:54:26     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 16 2018 01:53:42
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 16 2018 01:54:06     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/Text: ally@ebn.phinsolutions.com Feb 16 2018 01:53:08     Ally Financial Inc.,
                 P.O. Box 130424,   Roseville, MN 55113-0004
                                                                                               TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             ##+SELECT PORTFOLIO SERVICING, INC.,    3815 South West Temple,    Salt Lake City, UT 84115-4412
                                                                                               TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 17, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 15, 2018 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    U.S. Bank National Association, Et Al...
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              DANIELLE  BOYLE-EBERSOLE    on behalf of Creditor    U.S. Bank National Association, Et Al...
               debersole@hoflawgroup.com, bbleming@hoflawgroup.com
              JOSEPH L QUINN    on behalf of Debtor James F. Colden CourtNotices@sjr-law.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. Bank National Association, Et Al...
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              KARINA  VELTER    on behalf of Creditor    Wells Fargo Bank, N.A. as Successor by Merger to
               Wachovia Bank, N.A. amps@manleydeas.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank, National Association et. al.
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, Et Al...
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank, National Association et. al.
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank, National Association, as Trustee for the
               EMC Mortgage Loan Trust 2004-B Mortgage Pass-through Certificates Series 2004-B
               bkgroup@kmllawgroup.com
              REGINA  COHEN    on behalf of Creditor    Ally Financial Inc. rcohen@lavin-law.com,
               ksweeney@lavin-law.com
              THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, Et Al...
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                               TOTAL: 13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James F. Colden<br>*Debtor* | CHAPTER 13 |
| U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2004-B Mortgage Pass-through Certificates Series 2004-B<br>*Movant*<br>vs.| NO. 16-10170 MDC |
| James F. Colden<br>*Debtor*<br><br>Laraine L. Colden    *Co-Debtor*<br><br>William C. Miller.<br>*Trustee* | 11 U.S.C. Sections 362 and 1301 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$13,541.49**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 1, 2017 through January 1, 2018 at $1,923.61/month |
| Suspense Balance: | ($1,847.39) |
| **Total Post-Petition Arrears** | **$13,541.49** |

2. The Debtors shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$13,541.49.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,541.49** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due February 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $1,923.61 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 26, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: February 6, 2018

Joseph L. Quinn
Attorney for Debtor

Date: 2/9/18

William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved by the Court this  15th  day of _____February_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman